UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMMUNEX CORPORATION; AMGEN MANUFACTURING, LIMITED; and HOFFMANN-LA ROCHE INC.;<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG BIOEPIS CO., LTD.,<br><br>Defendant. | Civil Action No. 19-11755 (CCC/MF)<br><br>[PROPOSED] ORDER TO SEAL<br><br>*Electronically Filed* |

**THIS MATTER** having been opened to the Court by the joint application of Plaintiffs Immunex Corporation and Amgen Manufacturing, Limited (collectively, "Plaintiffs") and Defendant Samsung Bioepis Co., Ltd. ("Defendant"), by and through their undersigned counsel, in connection with the parties' Joint Motion to Seal, pursuant to Local Civil Rule 5.3(c), portions of the following:

- The Letter from Liza M. Walsh to the Honorable Claire C. Cecchi, U.S.D.J. dated April 30, 2019 (D.E. No. 7);

- The Letter from William C. Baton to the Hon. Claire C. Cecchi, U.S.D.J., dated May 13, 2019 (D.E. No. 19);

- The Letter from Liza M. Walsh to the Hon. Claire C. Cecchi, U.S.D.J., dated May 14, 2019 (D.E. No. 20);

- The Letter from William C. Baton to the Hon. Mark Falk, U.S.M.J., dated August 2, 2019 (D.E. No. 67); and

- The Letter from William C. Baton to the Hon. Mark Falk, U.S.M.J., dated August 2, 2019 (D.E. No. 68) (collectively referred to herein as "Confidential Letters").

The Court having considered the papers submitted by the parties in support of the Joint Motion; and any papers in reply thereto; and the Court having considered and adopted the Declarations of Liza M. Walsh and Sarah A. Sullivan, counsel for Plaintiffs and Defendant, respectively, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the limited confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. This is an action brought pursuant to the Biologics Price Competition and Innovation Act of 2009 ("BCPIA"), Pub. L. No. 111-148 (amending 42 U.S.C. § 262).
2. Local Civil Rule 5.3(c) provides that a party wishing to use material designated as confidential must move pursuant to the Local Civil Rule for leave to file the submission under seal.
3. Pursuant to Local Civil Rule 5.3(c), the parties move to seal portions of the Confidential Letters relating to the parties' proprietary commercial and business interests.
4. Specifically, the following portions of the above documents contain confidential information:
    - Letter from Liza M. Walsh to the Honorable Claire C. Cecchi, U.S.D.J. dated April 30, 2019 (D.E. No. 7):
        o Page 2, second paragraph, line 3, after "harm" through the end of the paragraph; and
        o Page 2, third paragraph, lines 2 through 4 until "we want."

- The Letter from William C. Baton to the Hon. Claire C. Cecchi, U.S.D.J., dated May 13, 2019 (D.E. No. 19):
    - Page 1, second paragraph in its entirety, including lines 1-2 on page 2; and
    - Page 2, first full paragraph in its entirety.
- The Letter from Liza M. Walsh to the Hon. Claire C. Cecchi, U.S.D.J., dated May 14, 2019 (D.E. No. 20):
    - Page 1, first paragraph, line 4, after "step" through the end of the paragraph;
    - Page 1, second paragraph in its entirety;
    - Page 1, third paragraph, after "so" through the end of the paragraph;
    - Page 1, last paragraph in its entirety; and
    - Page 2, paragraphs 1-3 in their entirety.
- The Letter from William C. Baton to the Hon. Mark Falk, U.S.M.J., dated August 2, 2019 (D.E. No. 67):
    - Page 1, second paragraph, line 1, after "Court --" through the end of the paragraph; and
    - Page 1, third paragraph in its entirety.
- The Letter from William C. Baton to the Hon. Mark Falk, U.S.M.J., dated August 2, 2019 (D.E. No. 68):
    - Page 1, second paragraph, line 1, after "Court --" through the end of the paragraph; and
    - Page 1, third paragraph in its entirety.

These select portions of the above documents are collectively referred to herein as the "Confidential Information."

5. The Confidential Information contains and/or reflects information that Plaintiffs and Defendant have designated as "Confidential" pursuant to Local Civil Rule 5.3.

6. In particular, the Confidential Information discloses Plaintiffs and Defendant's sensitive, competitive, commercial, and business information, which information is presently confidential and unavailable to the public.

7. The legitimate private or public interests which warrant confidentiality are: Plaintiffs and Defendant, parties to this patent case have a legitimate interest in maintaining the confidentiality of their non-public information regarding sensitive commercial and business interests. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: Plaintiffs and Defendant would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against Plaintiffs and Defendant. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not parties to this action would have access to the information.

8. The parties have complied with the terms of Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

### CONCLUSIONS OF LAW

1. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that Plaintiffs and Defendant have satisfied their burden of proving under L. Civ. R. 5.3(c) and applicable

case law, that the identified portions of the Confidential Letters is highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

5

2. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

3. The information in the parties' submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

**THEREFORE**, it is on this __29__ day of __January__, ~~2019~~ 2020;

**ORDERED** as follows:

1. The portions identified above and referred to collectively as the Confidential Information are entitled to protection:

2. The Court further finds that Plaintiffs and Defendant would suffer substantial and specific harm, including, but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the parties' joint Motion pursuant to Local Civil Rule 5.3(c) to Seal the above referenced portions of the Confidential Letters is **GRANTED**.

4. If necessary, the parties shall file updated redacted versions of the Confidential Letters (D.E. Nos. 90-94) on the docket, consistent with this Order.

_____
**HONORABLE MARK FALK**
**UNITED STATES MAGISTRATE JUDGE**