UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMMUNEX CORPORATION, AMGEN MANUFACTURING, LIMITED, and HOFFMANN-LA ROCHE INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG BIOEPIS CO., LTD.,<br><br>Defendant. | **Civil Action No. 19-11755 (CCC)(MF)**<br><br>**(Filed Electronically)** |

## [ORDER TO SEAL

**THIS MATTER** having come before the Court pursuant to the motion of Plaintiffs Immunex Corporation, Amgen Manufacturing, Limited, and Hoffmann-La Roche Inc. (collectively, "Plaintiffs") and Defendant Samsung Bioepis Co., Ltd. ("Bioepis"), pursuant to Local Civil Rule 5.3(c), to seal Bioepis's confidential information from the (1) Letter from Liza M. Walsh to the Hon. Claire C. Cecchi, U.S.D.J. (D.I. 105); and (2) Stipulation and Order (D.I. 110) [hereinafter, collectively, the "Confidential Information"]; and the Court having considered Bioepis's written submissions and the declaration of Sarah A. Sullivan (counsel for Bioepis); and the Court having determined that this action involves allegations regarding the disclosure of confidential and proprietary information; and for other and good cause having been shown; the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The information that Bioepis seeks to seal has been designated pursuant to Local Patent Rule 2.2 by Bioepis as confidential, and Bioepis has represented that the subject

information is a trade secret or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c).

      2.      This is a complex pharmaceutical patent infringement action. The material identified herein contains information designated by Bioepis as confidential pursuant to Local Patent Rule 2.2, and includes its trade secrets and/or confidential research, development, or commercial information.

      3.      By designating this information as confidential pursuant to Local Patent Rule 2.2, it is apparent that Bioepis has indicated that the public disclosure of this information would be detrimental to its business. Due to the nature of the materials herein, there is no less restrictive alternative to sealing the Confidential Information.

## CONCLUSIONS OF LAW

      4.      Upon consideration of the papers submitted in support of the motion, and the information that Bioepis has designated as confidential, the Court concludes that Bioepis has met its burden of proving, under Local Civil Rule 5.3 and applicable case law, that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Specifically, the Court concludes that: (a) the materials contain confidential information concerning Bioepis's business; (b) Bioepis has a legitimate interest in maintaining the confidentiality of the information to protect their disclosure to potential competitors who could use the information contained therein to develop and market competing products; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of confidential information by competitors to Bioepis's financial detriment; and (d) no less restrictive alternative to sealing the subject information is available.

      5.      The foregoing conclusions are supported by relevant case law holding that the right of public access to the full court transcript is not absolute and may be overcome by a

showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978).  The Court, upon such a proper showing, may in its discretion prevent confidential information from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**IT IS** on this 15 day of April 2020:

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the joint motion to seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permit the Confidential Information to be sealed permanently and the Clerk shall take such other steps as may be reasonably required to maintain the confidentiality of the Confidential Information.

_____
HON. MARK FALK, U.S.M.J.